UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

EPIFANIO SANCHEZ ALFARO,

    Petitioner,

  v.

JOSEPH WOODRING, Warden,

    Respondent.
_____/

NO. CR. 03-401 WBS KJM
CV. 05-2435 WBS

ORDER

----oo0oo----

Petitioner Epifanio Sanchez Alfaro, a federal prisoner proceeding <u>pro se</u>, moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]  Petitioner had pled

---

[1] Petitioner originally filed his motion pursuant to 28 U.S.C. § 2241 in the District Court for the Central District of California on September 30, 2005.  Subsequently, that court properly construed the motion as one made pursuant to 28 U.S.C. § 2255 and transferred it to this court.  <u>See</u> <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam) ("[M]otions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial

1

guilty to one count of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) pursuant to a plea agreement. In support of his motion, petitioner argues that (1) his drug sale did not fall within the federal definition of a "drug trafficking crime," (2) his offense was not a crime of violence and therefore should not have been considered an aggravated felony, (3) the statute under which he was convicted was unconstitutional, and (4) his trial attorney rendered ineffective assistance of counsel. (See Docket No. 88 ("Petition") at 3-4.)

Motions pursuant to § 2255 must be filed within one year of the later of (1) the date on which the judgment of conviction became final, (2) the date on which an impediment to filing created by governmental action is removed, (3) the date on which a constitutional right is newly recognized and made retroactive on collateral review, or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2255(f)(1)-(4). Here, petitioner does not allege any impediment to filing created by governmental action, nor does he contend that the constitutional rights upon which his claims are based are newly recognized. He also does not allege that the factual predicate of his claims could not have been discovered through the exercise of due diligence. Therefore, the statute of limitations for filing his § 2255 motion was one year from the date that his judgment of conviction became final.

Guided by the Supreme Court's definition of finality in

court.").

2

Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987), the Ninth Circuit has held that, for purposes of motions filed under § 2255, finality is determined under the definition set forth in 28 U.S.C. § 2244(d)(1). United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001). Thus, the one-year statute of limitations for a § 2255 motion begins to run "upon the expiration of the time during which [petitioner] could have sought review by direct appeal." Id. (citing United States v. Garcia, 210 F.3d 1058, 1060 (9th Cir. 2000)). In turn, Federal Rule of Appellate Procedure 4 provides that a criminal defendant's notice of direct appeal must be filed in the district court within ten days of the entry of judgment. See Fed. R. App. P. 4(b)(1)(A).

Petitioner's judgment of conviction was entered on August 5, 2004. (Docket No. 59.) Petitioner did not file a notice of appeal, and thus his judgment of conviction became final on August 15, 2004. See Fed. R. App. P. 26(a) (computing time). A timely motion pursuant to § 2255, therefore, was due no later than August 15, 2005. See Fed. R. Civ. P. 6(a); Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying Rule 6(a)'s "anniversary method" to statutes of limitation under the Antiterrorism and Effective Death Penalty Act ("AEDPA")). Petitioner filed his motion on September 30, 2005, after that deadline had expired. (See Petition at 1.)

Although petitioner's motion is untimely, the one-year statute of limitations under § 2255 may be subject to equitable tolling. See United States v. Battles, 362 F.3d 1195, 1196-97 (9th Cir. 2004). "To receive equitable tolling, a petitioner bears the burden of showing '(1) that he has been pursuing his

3

rights diligently, and (2) that some extraordinary circumstance stood in his way.'" Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.'" Id. (quoting Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008)) (alteration in original). Here, petitioner has not provided any explanation for the untimely filing of his motion, let alone any "extraordinary circumstance" that "stood in his way."

Petitioner seeks to overcome AEDPA's statute of limitations by claiming "actual innocence."[2] On that claim, he has failed to satisfy the "exacting gateway standard established by the Supreme Court in [Schlup v. Delo, 513 U.S. 298 (1995)]." Majoy v. Roe, 296 F.3d 770, 775 (9th Cir. 2002). In order to pass through "Schlup's gateway," a petitioner "must show that, in light of all the evidence, including evidence not introduced at trial, 'it is more likely than not that no reasonable juror would

---

[2] In an unpublished decision filed on September 2, 2008, the Ninth Circuit noted that "[a]lthough a credible claim of actual innocence will excuse a habeas petitioner's procedural default, neither the Supreme Court nor [the Ninth Circuit] has held that a credible claim of actual innocence will toll the one-year statute of limitations" of AEDPA. Hartawan v. Gordon, 265 Fed. App'x 666, 667 (9th Cir. 2008) (citing Schlup v. Delo, 513 U.S. 298, 314-15 (1995); Majoy v. Roe, 296 F.3d 770, 776 (9th Cir. 2002)).

4

have found petitioner guilty beyond a reasonable doubt.'" Id. at 775-76 (quoting Schlup, 513 U.S. at 327.)

"A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup, 513 U.S. at 329. Here, petitioner presents no new reliable evidence other than his own assertions, which are contrary to admissions he made in his plea agreement and at his change-of-plea colloquy.[3] See id. at 324 ("To be credible, such a claim [of actual innocence] requires petitioner to support his allegations . . . with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence . . . . Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." (emphasis added)); Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal . . . .").

In addition, petitioner has presented no evidence that he is "actually innocent" of the three other felony drug crimes

---

[3] Although official transcripts of the change-of-plea and sentencing hearings have not been ordered, the court has reviewed the court reporter's unofficial record of the proceedings to confirm the accuracy of the information provided in this Order. Cf. United States v. Godinez, No. 06-321, 2008 WL 220114, at *1 n.2 (E.D. Cal. Jan. 25, 2008) (Garcia, J.) (referring to "written notes of the [Rule 11] proceedings" in order to conclude that a criminal defendant had voluntarily waived his right to appeal) (citing Shah v. United States, 878 F.2d 1156, 1159 (9th Cir. 1978)).

alleged in the superceding indictment that the Government dismissed pursuant to the plea agreement. See Bousley v. United States, 523 U.S. 614, 624 (1998) ("In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges."). Accordingly, having found no applicable exception to AEDPA's one-year statute of limitations in this case, the court must deny petitioner's motion.

Even if petitioner's motion were timely, the court also observes that, in petitioner's plea agreement, he "specifically agree[d] not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction or sentence." (Docket No. 39 ("Plea Agreement") at 8.) A knowing and voluntary waiver of a statutory right is enforceable, United States v. Navarro-Botello, 912 F.3d 318, 321 (9th Cir. 1990), and the right to request collateral review under 28 U.S.C. § 2255 is a statutory right that can be waived, United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (finding a plea agreement, in which defendant waived the right to appeal, precluded a collateral attack based on newly discovered evidence).

The scope of a waiver of collateral attack may be subject to potential limitations. For example, a defendant's waiver will not bar collateral proceedings if the trial court did not satisfy certain requirements under Federal Rule of Criminal Procedure 11 to ensure that the waiver was knowingly and voluntary. Navarro-Botello, 912 F.2d at 321. Such a waiver might also be ineffective where the sentence imposed was not in accordance with the negotiated agreement, or if the sentence

imposed was contrary to law. <u>United States v. Littlefield</u>, 105 F.3d 527, 528 (9th Cir. 1996). In addition, a waiver may be "unenforceable" and may not "categorically foreclose" a defendant from bringing a collateral attack where a petitioner claims ineffective assistance of counsel affecting the voluntariness of the waiver. <u>Washington v. Lampert</u>, 422 F.3d 864, 871 (9th Cir. 2005); <u>Abarca</u>, 985 F.2d at 1014; <u>see also</u> <u>United States v. Pruitt</u>, 32 F.3d 431, 433 (9th Cir. 1992).

Here, the record demonstrates that petitioner's waiver was knowing and voluntary and that the court complied with Rule 11's requirements. The plea agreement, which petitioner signed on May 12, 2004, provides:

> I have read this plea agreement and I have carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines which may apply to my case. No other promises or inducements have been made to me, other than those contained in this Agreement. In addition, no one has threatened or forced me in any way to enter into this Plea Agreement. Finally, I am satisfied with the representation of my attorney in this case.

(Plea Agreement 10.) On May 13, 2008, the court presided over petitioner's change-of-plea hearing and conducted a full Rule 11 colloquy. (<u>See</u> Docket No. 41.) As part of this colloquy, petitioner stated that he understood the charges against him and knew his maximum possible sentence; petitioner also confirmed that he received and read the plea agreement, understood it, and knew that he was waiving his right to appeal and collaterally attack his conviction and sentence.

Furthermore, petitioner's 60-month sentence was in accordance with the plea agreement and was not contrary to law.

In the plea agreement, the government agreed to dismiss all counts in the superceding indictment except for Count 4 alleging distribution of at least 50 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1). (See Plea Agreement 5:12-15.) The government also agreed to recommend that petitioner's sentence of imprisonment be reduced "by 50 [percent] of the bottom of the applicable guideline range" pursuant to U.S. Sentencing Guidelines § 5K1.1. (Id. at 5:17-28.) The government fulfilled these obligations, and petitioner received a sentence of 60 months, which was half of the mandatory minimum sentence for the charge alleged. See 21 U.S.C. § 841(b)(viii); (Docket Nos. 58-59). In addition, before imposing the sentence, the court considered all of the appropriate sentencing factors pursuant to 18 U.S.C. § 3553.

Finally, although petitioner alleges that his trial attorney provided ineffective assistance of counsel, petitioner does not present allegations that call into question the voluntariness of his waiver. See Lampert, 422 F.3d at 871. Rather, petitioner asserts that his attorney's "loyalty was massively d[i]vided" because counsel "was . . . an officer of the Court, and as such, an 'Officer of the State.'" (Petition Mem. at 10.) Petitioner continues, "Attorneys (lawyers) are officers of the court who swear an 'Oath Admission' to the (ABA) which swears to devote their undivided loyalties to the court and none other. Which creates a conflict of interest when they agree to represent an Accused." (Id. at 16-17.) Petitioner's claims are without merit.

Accordingly, because petitioner's motion is not only

barred by the statute of limitations, but also precluded by his plea agreement in this case, the court must deny his motion.

IT IS THEREFORE ORDERED that petitioner's motion to vacate, set aside, or correct his sentence be, and the same hereby is, DENIED.

DATED: April 29, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE